## Administration of Workmen's Compensation

MARGIOTTI, Attorney General, December 13, 1937. — You have asked to be advised upon several questions which have arisen in connection with the activities of the Workmen's Compensation Board and the workmen's compensation referees.

The questions you submit, and our answers thereto, are as follows:

1. What jurisdiction does the Secretary of Labor have over the Workmen's Compensation Board or workmen's compensation referees in the performance of their respective duties?

Section 202 of The Administrative Code of April 9, 1929, P. L. 177, 71 PS §62, as last amended by the Act of June 21, 1937, P. L. 1865, provides as follows:

"The following boards, commissions, and offices are hereby placed and made departmental administrative boards, commissions, or offices, as the case may be, in the respective administrative departments mentioned in the preceding section, as follows: . . .

"In the Department of Labor and Industry,
"Workmen's Compensation Board,
"Workmen's Compensation Referees,
"State Workmen's Insurance Board,
"The Industrial Board".

Section 503 of The Administrative Code, supra, provides as follows with reference to departmental administrative boards and offices:

"Except as otherwise provided in this act, departmental administrative bodies, boards, and commissions, within the several administrative departments, shall exercise their powers and perform their duties independently of the heads or any other officers of the respective administrative departments with which they are connected, but, in all matters involving the expenditure of money, all such departmental administrative boards and commissions shall be subject and responsible to the departments with which they are respectively connected. Such departments shall, in all cases, have the right to make such examinations of the books, records, and accounts of their respective departmental administrative boards and commissions, as may be necessary to enable them to pass upon the necessity and propriety of any expenditure or proposed expenditure."

Under section 2208 of The Administrative Code, it is provided that the Department of Labor and Industry shall have the power and its duty shall be to administer and enforce the laws of this Commonwealth relating to workmen's compensation. However, in subsection (a) of this section, the following proviso appears:

". . . Provided, however, That the Workmen's Compensation Board and the Workmen's Compensation Referees *shall perform their respective duties independently of the Secretary of Labor and Industry,* or any other official of the department, except that all clerical, stenographic and other assistance required by the Workmen's Compensation Board and the several Workmen's Compensation Referees shall be appointed by the department as provided in this act." (Italics ours.)

In view of these provisions, it is clear that the Workmen's Compensation Board performs its primary functions independently of the Secretary of Labor and Industry and not subject to his direction or supervision.

An additional indication that this was the intent of the legislature is found in section 441 of The Administrative Code, which provides, in part, as follows:

"The Workmen's Compensation Board shall consist of three members, of whom the Governor shall designate one as chairman. *The Secretary of Labor and Industry shall be, ex officio, a member of the board.*" (Italics ours.)

The purpose of the legislature in thus designating the Secretary of Labor and Industry as an ex officio member of the Workmen's Compensation Board was undoubtedly to enable him to influence, to the extent permitted by such membership, the policies of the Workmen's Compensation Board, and this would not have been done if the secretary had general supervisory powers over the board under other statutory provisions.

We feel that the secretary's control over the general functions of the board is limited to the influence which he may exert as an ex officio member thereof, and that it is only with reference to financial matters that the board is subject to his supervision.

It should be kept in mind, however, that section 501 of The Administrative Code (71 PS §181), imposes upon all departments, boards and commissions, the duty of coordinating their respective functions insofar as possible.

With respect to workmen's compensation referees, section 442 of The Administrative Code provides as follows:

"There shall be, in the Department of Labor and Industry, as many Workmen's Compensation Referees as, in the judgment of the Governor and of the Secretary of Labor and Industry, shall be necessary properly to administer the workmen's compensation laws of the Commonwealth. *Such referees shall be subject to the direction and control of the Workmen's Compensation Board.* The board shall assign them to the various workmen's compensation districts, and shall prescribe from time to time the duties to be performed by them." (Italics ours.)

Section 2213 of The Administrative Code provides as follows:

"Subject to any inconsistent provisions in this act contained, each Workmen's Compensation Referee shall have the power, and his duty shall be, to hear such claims for compensation as shall be assigned to him by the Workmen's Compensation Board, and to perform such other duties as shall be required of him by the Workmen's Compensation Board, or imposed upon him by law."

Under these sections of The Administrative Code, workmen's compensation referees are made primarily responsible to the Workmen's Compensation Board.

2. To whom are the Workmen's Compensation Board and the workmen's compensation referees accountable for the proper discharge of their duties, and to whom should they respectively report?

Section 504 of The Administrative Code provides, in part, as follows:

". . . Each departmental administrative board and commission, and each advisory board and commission, shall, not later than September first of each even-numbered year, report in writing to the head of the department of which such board or commission is a part. All such reports shall be attached as exhibits to the report made by the head of the department to the Governor."

As we have indicated above, the Secretary of Labor and Industry has no power to supervise or direct the activities of the Workmen's Compensation Board or workmen's compensation referees except with regard to financial matters. Under section 504, however, the Secretary of Labor and Industry is authorized to require a biennial report of the activities of the Workmen's Compensation Board and the workmen's compensation referees, which report he must attach to the biennial report made by him to the Governor. The fact that this report must be made to the Secretary of Labor and Industry does not indicate that the Workmen's Compensation Board and the workmen's compensation referees are accountable to him for

the proper discharge of their duties, for The Administrative Code specifically states that the Workmen's Compensation Board is to perform its functions independently, and that the workmen's compensation referees are to be subject to the direction of the Workmen's Compensation Board.

In the final analysis, both the board and the referees are accountable only to the Governor for the proper discharge of their duties, for, under section 202 (71 PS §62) and section 207 (71 PS §67) of The Administrative Code, the members of the Workmen's Compensation Board and workmen's compensation referees are appointed by him.

3. Who determines the number and classification of clerical, stenographic or other assistance required by the board or the referees in the performance of their duties?

Section 2208 of The Administrative Code provides, in part, as follows:

". . . all clerical, stenographic and other assistance required by the Workmen's Compensation Board and the several Workmen's Compensation Referees shall be appointed by the department as provided in this act".

Section 214 of The Administrative Code contains, among others, the following provision:

". . . Except as otherwise provided in this act, the heads of the respective administrative departments shall appoint and fix the compensation of such clerks, stenographers, and other assistants, as may be required for the proper conduct of the work of any departmental administrative bodies, boards, commissions, or officers, and of any advisory boards or commissions established in their respective departments."

Under these provisions it is the function of the Secretary of Labor and Industry to make the actual appointment of persons to furnish stenographic and clerical assistance to the board and to the referees. However, since such employes are to assist in functions which, as indicated above, are in large part independent of the Secre-

tary of Labor and Industry, it is primarily the function of the board and the referees to determine the number and type of employes needed.

4. Are the members of the Workmen's Compensation Board employes of the Department of Labor and Industry so as to come within the scope of instructions issued by the Secretary governing the conduct of the employes of that department?

It is impossible to answer this question in the absence of a description of the particular type of instructions involved. However, as indicated by the sections of The Administrative Code quoted in answer to the first question you submitted, the Workmen's Compensation Board operates independently and is only subject to the supervision of the Secretary of Labor and Industry with respect to financial matters.

5. Upon whom is the duty imposed by law of providing the members of the board with suitable and adequate quarters for the discharge of their official duties?

. Under the provisions of section 2413 of The Administrative Code (71 PS §643) it is the duty of the Board of Commissioners of Public Grounds and Buildings to assign rooms to the various administrative departments, boards and commissions, both within and outside the capital city.

With respect to departmental offices, however, section 220 of The Administrative Code provides as follows (71 PS §80):

". . . The *head of any department*, or any independent administrative board or commission, *may, with the approval of the Governor*, establish and maintain, at places other than Harrisburg, in quarters assigned by the Board of Commissioners of Public Grounds and Buildings, branch offices for the conduct of any one or more functions of such department, board, or commission, or of any departmental administrative or advisory board or commission in such department." (Italics ours.)

Under this provision the Secretary of Labor and Industry is empowered to decide whether or not branch offices

should be established and maintained for the Workmen's Compensation Board. Moreover, the rental for such branch quarters is paid from the appropriation made to the Department of Labor and Industry, and any disbursements from that appropriation are subject to the approval of the Secretary of Labor and Industry.

6. Is section 16 of the Act of July 21, 1919, P. L. 1077, still in full force and effect?

Section 16 of the Act of July 21, 1919, supra, provides as follows:

"It shall be the duty of the board to make all proper and necessary rules and regulations for the legal and judicial procedure of the bureau, and to promptly hear and determine all petitions and appeals, and to perform such other duties as shall be required."

This provision of the Act of 1919 has never been expressly repealed.

You are advised, therefore, as follows:

1. The Secretary of Labor and Industry has no supervisory powers over the Workmen's Compensation Board and the workmen's compensation referees except as to those matters which involve the expenditure of money.

2. The workmen's compensation referees are, in the first instance, accountable to the Workmen's Compensation Board, and both the Workmen's Compensation Board and the workmen's compensation referees are, in the final analysis, accountable only to the Governor for the proper discharge of their duties.

3. Although the Secretary of Labor and Industry is authorized to make the actual appointment of clerical, stenographic and other assistants required by the Workmen's Compensation Board and the workmen's compensation referees, the number and classification of such employes is primarily a matter for the board and the referees to determine.

4. It is the duty of the Board of Commissioners of Public Grounds and Buildings to assign rooms to the Workmen's Compensation Board, both within and outside the

capital city. The Secretary of Labor and Industry is, however, authorized to decide whether or not branch offices shall be established and maintained for the Workmen's Compensation Board.

5. The Act of 1919, supra, has not been expressly repealed.